UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF COMMERCE, et al.,<br><br>　　Defendants. | Civil Action No. 23-1410 (TSC) |

## ANSWER

The United States Department of Commerce ("Commerce") and National Institute of Standards and Technology ("NIST") (collectively, "Defendants") respectfully submit this Answer to the Complaint, ECF No. 1, filed by Americans for Prosperity Foundation ("Plaintiff" or "AFPF"). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants expressly deny all allegations in the Complaint, including the relief sought and any allegations in Plaintiff's headings, that are not specifically admitted or otherwise qualified in this Answer.[1] Defendants respond to the correspondingly numbered paragraphs in the Complaint as follows:

　　1.　　Paragraph 1 sets forth Plaintiff's characterization of the case to which no response is required. To the extent that a response is necessary, Defendants admit they received from Plaintiff the FOIA requests at issue in this complaint.

---

[1] To the extent the Complaint refers to or quotes external documents, statutes, or other sources, Defendants may refer to these materials for their accurate and complete contents, but Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

2. Paragraph 2 sets forth Plaintiff's characterization of the case to which no response is required.

3. Defendants admit that as of the date of filing of the complaint, no final determination had been made on Plaintiff's FOIA requests at issue.

4. Paragraph 4 sets forth Plaintiff's characterization of the case to which no response is required.

## JURISDICTION AND VENUE

5. Paragraph 5 consists of legal conclusions to which no response is required.

6. Paragraph 6 consists of legal conclusions to which no response is required.

## PARTIES

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore deny the allegations.

8. Defendants admit that Commerce is an agency as defined by FOIA. The second sentence of paragraph 8 consists of legal conclusions to which no response is required.

9. Defendants deny that NIST is an agency as defined by FOIA, admit that NIST is a component of Commerce, and aver that NIST is subject to FOIA. The third sentence of paragraph 9 consists of legal conclusions to which no response is required.

## FACTS

10. The allegations in paragraph 10 are immaterial and impertinent to the claims and defenses at issue in this matter. Defendants respectfully refer the Court to the authority cited in Plaintiff's complaint for an accurate and complete statement of applicable law.

11. The allegations in paragraph 11 are immaterial and impertinent to the claims and defenses at issue in this matter. Defendants respectfully refer the Court to the publications cited in Plaintiff's complaint for an accurate and complete statement of their contents.

12. The allegations in paragraph 12 are immaterial and impertinent to the claims and defenses at issue in this matter. Defendants respectfully refer the Court to the publications cited in Plaintiff's complaint for an accurate and complete statement of their contents.

13. Defendants admit that, on March 20, 2023, AFPF submitted a FOIA request to Commerce. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

14. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

15. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

16. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

17. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

18. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

19. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

20. Admit.

21. Defendants admit the allegations in paragraph 21, and respectfully refer the Court to the communication for an accurate and complete statement of its contents.

22. Defendants admit the allegations in paragraph 22, and respectfully refer the Court to the communications for an accurate and complete statement of their contents.

23. Defendants admit that as of the date of filing of the complaint, Commerce had not made a final determination upon the FOIA request AFPF submitted to Commerce.

24. Admit.

25. Paragraph 25 sets forth legal conclusions to which no response is required.

26. Defendants admit that, on March 20, 2023, AFPF submitted a FOIA request to NIST. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

27. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

28. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

29. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

30. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

31. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

32. Defendants respectfully refer the Court to the request for an accurate and complete statement of its contents.

33. Defendants admit that, as of April 19, 2023, NIST had not yet acknowledged AFPF's FOIA request to NIST, and that, on April 19, 2023, AFPF sent NIST a communication regarding said FOIA request.

34.     Defendants respectfully refer the Court to the communication for an accurate and complete statement of its contents.

35.     Defendants admit that, on April 20, 2023, NIST received a communication from AFPF regarding AFPF's FOIA request to NIST. Defendants respectfully refer the Court to the communication for an accurate and complete statement of its contents.

36.     Defendants admit that, on April 20, 2023, NIST communicated to AFPF regarding AFPF's FOIA request to NIST. Defendants respectfully refer the Court to the communication for an accurate and complete statement of its contents.

37.     Defendants respectfully refer the Court to the communication for an accurate and complete statement of its contents.

38.     Defendants admit that, on April 20, 2023, NIST approved AFPF's fee waiver request for its FOIA request submitted to NIST. Defendants respectfully refer the Court to the communication for an accurate and complete statement of its contents.

39.     Defendants admit that NIST informed AFPF of unusual circumstances justifying an extension of the time period for making a determination upon AFPF's request submitted to NIST. Defendants respectfully refer the Court to the communication for an accurate and complete statement of its contents.

40.     Defendants admit the allegations in paragraph 40, and respectfully refer the Court to the communication for an accurate and complete statement of its contents.

41.     Defendants admit only that NIST received AFPF's FOIA request to NIST on March 20, 2023. Defendants respectfully refer the Court to the email thread attached by Plaintiff as Exhibit 18 to the complaint for an accurate and complete statement of its contents.

42. Defendants respectfully refer the Court to the email thread attached by Plaintiff as Exhibit 18 to the complaint for an accurate and complete statement of its contents.

43. Defendants admit that, as of the date of filing of the complaint, NIST had not yet made a final determination upon AFPF's FOIA request to NIST.

44. Paragraph 44 sets forth legal conclusions to which no response is required.

45. Paragraph 45 sets forth legal conclusions to which no response is required.

## COUNT I

46. Defendants incorporate by reference their responses to the preceding paragraphs as if set forth fully herein.

47. Paragraph 47 sets forth legal conclusions to which no response is required. Defendants respectfully refer the Court to the authority cited in Plaintiff's complaint for an accurate and complete statement of the cited law.

48. Paragraph 48 sets forth legal conclusions to which no response is required. Defendants respectfully refer the Court to the authorities cited in Plaintiff's complaint for an accurate and complete statement of the cited law.

49. Paragraph 49 sets forth legal conclusions to which no response is required. Defendants respectfully refer the Court to the authorities cited in Plaintiff's complaint for an accurate and complete statement of the cited law.

50. Paragraph 50 sets forth legal conclusions to which no response is required. Defendants respectfully refer the Court to the authority cited in Plaintiff's complaint for an accurate and complete statement of the cited law.

51. Paragraph 51 sets forth legal conclusions to which no response is required. Defendants respectfully refer the Court to the authority cited in Plaintiff's complaint for an accurate and complete statement of the cited law.

52. Paragraph 52 sets forth legal conclusions to which no response is required. Defendants respectfully refer the Court to the authority cited in Plaintiff's complaint for an accurate and complete statement of the cited law.

53. Paragraph 53 sets forth legal conclusions to which no response is required.

54. Defendants admit that Commerce and NIST each received FOIA requests from AFPF on March 20, 2023. The remainder of the allegations in paragraph 54 set forth legal conclusions to which no response is required.

55. Defendants admit that they did not communicate to AFPF that the requests were misdirected. The remainder of the allegations in paragraph 55 set forth legal conclusions to which no response is required.

56. Defendants admit that Commerce did not inform AFPF that unusual circumstances merit an extension of the time limit to make a determination upon AFPF's request submitted to Commerce.

57. Paragraph 57 sets forth legal conclusions to which no response is required.

58. Paragraph 58 sets forth legal conclusions to which no response is required.

59. Paragraph 59 sets forth legal conclusions to which no response is required.

60. Defendants admit that as of the date of filing of this response, final determinations have not yet been made on AFPF's FOIA requests submitted to Commerce and NIST. The remaining allegations in paragraph 60 set forth legal conclusions to which no response is required.

61. Paragraph 61 sets forth legal conclusions to which no response is required.

62. Paragraph 62 sets forth legal conclusions to which no response is required.

63. Paragraph 63 sets forth legal conclusions to which no response is required.

## RELIEF REQUESTED

The remaining paragraph with enumerated subparts sets forth Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement these defenses as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.

1. The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA. *See* 5 U.S.C. § 552.

2. Plaintiff is not entitled to information or records protected from disclosure by one or more of the exemptions to FOIA. 5 U.S.C. § 552(b).

3. Plaintiff is not entitled to records or portions of records not reasonably segregable from portions of records protected from disclosure by one or more of the exemptions to FOIA.

4. Plaintiff's FOIA request does not reasonably describe the records sought, and Plaintiff's Complaint thus fails to state a claim upon which relief can be granted.

5. To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs'

complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

6. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

Date:  July 20, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  */s/ Sam Escher*
SAM ESCHER, D.C. Bar #1655538
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
(202) 252-2531
Sam.Escher@usdoj.gov

*Counsel for United States of America*